IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–00795–MDB

B.D.,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    Defendant.

# ORDER

Plaintiff, B.D.[1] ["Plaintiff"] brings this action pursuant to the Social Security Act, 42 U.S.C. 405(g), by seeking judicial review of a final decision by Defendant Commissioner of the Social Security Administration ["Commissioner"], denying her claim for Social Security Disability benefits. Plaintiff has filed an Opening Brief, the Commissioner has responded, and Plaintiff replied. (["Opening Brief"], Doc. No. 13; ["Response"], Doc. No. 15; ["Reply"], Doc. No. 16.) The Commissioner has also filed the Administrative Record. (["AR"], Doc. No. 10.) After carefully analyzing the briefs, the Administrative Record, and relevant law, the Court respectfully **AFFIRMS** the Commissioner's decision.

## BACKGROUND

---

[1] Pursuant to Local Rule D.C.Colo.LAPR 5.2(b), Plaintiff B.D. is identified by initials only.

Plaintiff, born November 13, 1959, alleges she became disabled on March 17, 2021, due to certain physical and mental limitations.[2] (Doc. No. 13 at 4 (citing AR 310); AR 19.) Plaintiff filed a Title II application for a period of disability and disability insurance benefits on April 20, 2021. (AR 19.) The claim was initially denied on November 23, 2021, and denied again after reconsideration on November 7, 2022. (*Id.*) Plaintiff successfully requested a hearing before an Administrative Law Judge ("ALJ") on November 22, 2022; the hearing took place on July 21, 2023. (*Id.*) Plaintiff was accompanied at the hearing by her attorney. (*Id.*) The ALJ heard testimony from Plaintiff and a vocational expert, Ms. Amanda Munzer. (AR 107–114.) On August 30, 2023, the ALJ issued a written decision denying benefits (AR 16–35), and on January 31, 2023, the Appeals Council denied Plaintiff's request for review. (AR 1–3.) Plaintiff then filed the instant appeal on March 21, 2024. (Doc. No. 1.)

At the first step of the five-step sequence for making determinations,[3] the ALJ found Plaintiff had not engaged in substantial gainful activity since March 17, 2021. (AR 21.) At step two, the ALJ found Plaintiff lives with the severe impairments of "myasthenia gravis and obesity." (AR 22.) The ALJ also determined Plaintiff lives with depression and generalized

---

[2] The single issue presented by Plaintiff concerns her mental limitations. (Doc. No. 13 at 6.) Accordingly, the Court will not address the ALJ's treatment of Plaintiff's physical limitations.

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax* v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

anxiety disorder, but found these were not severe impairments. (AR 23–25.) As for these mental impairments' "paragraph B"[4] criteria, the ALJ found mild limitations[5] in Plaintiff's ability to understand, remember, or apply information, ability to interact with others, and concentrate, persist, or maintain pace.[6] (AR 23–24.) In support of this finding, the ALJ noted Plaintiff's examinations "have repeatedly yielded findings of normal recent and remote memory, intact comprehension, normal judgment, and normal general knowledge," "pleasantness, appropriate mood and affect, and normal behavior, with depressed appearance, tearfulness, and depressed and anxious moods at times," and "alertness and normal attention span and concentration." (AR 23.) The ALJ further discussed Plaintiff's treatment records and the opinions of state agency experts and treating experts. (AR 27–29.)

At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 25.) Because she concluded that Plaintiff did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ was required to determine Plaintiff's residual functional capacity ("RFC") before proceeding to step four. The ALJ determined that Plaintiff has the RFC:

---

[4] The paragraph B criteria are "broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders." (AR at 23; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4). These criteria review a claimant's ability to ""1. Understand, remember, or apply information (paragraph B1)"; "2. Interact with others (paragraph B2)"; "3. Concentrate, persist, or maintain pace (paragraph B3)"; and "4. Adapt or manage oneself (paragraph B4)."

[5] A mild limitation denotes that a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e.

[6] The ALJ found no limitation in Plaintiff's ability to adapt or manage herself. (AR 24.)

> to perform the full exertional range of sedentary work, as defined in 20 CFR 404.1567(a), including the ability to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, except she can occasionally balance, stoop, kneel, crouch, crawl, and climb; she can frequently reach, handle, finger, and feel bilaterally; and she can tolerate occasional exposure to extreme heat and working at unprotected heights and around dangerous, unprotected, major manufacturing machinery.

(AR 26.) As part of her RFC analysis, the ALJ found that "the claimant's nonsevere impairments, while not discussed in detail in this section, were considered in the formulation of the claimant's residual functional capacity pursuant to SSR 96-8p.... [T]he claimant's nonsevere impairments do not warrant additional restrictions that would further limit the claimant." (AR 33.) The ALJ also noted Plaintiff's examinations "yielded findings of normal attention span and concentration, alertness, intact recent and remote memory, normal judgment and general knowledge, and no acute distress" and that Plaintiff's "mood is normal, as is her behavior, thought content, and judgment." (AR 28, 29, 32, 33.) At step four, the ALJ determined Plaintiff was capable of performing past relevant work as a caseworker, receptionist, and social service director. (AR 33–34.)

## STANDARD OF REVIEW

In social security disability cases, the court's review is limited to determining whether: (1) substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner's decision comports with relevant legal standards. *Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017); *see generally* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted); *accord Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) ("Evidence is not

substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). Any conflict in the evidence is to be resolved by the ALJ, and not the court. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000) ("We will not reweigh the evidence."). A finding of "no substantial evidence" is proper only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## ANALYSIS

In *Wells v. Colvin*, the Tenth Circuit described an ALJ's "special technique to evaluate the severity of mental impairments and their effect on the claimant's ability to work." 727 F.3d 1061, 1068 (10th Cir. 2013). "The ALJ must first decide whether the claimant has a medically determinable mental impairment." *Id.* Here, the ALJ determined Plaintiff has two medically determinable mental impairments: depression and generalized anxiety disorder. (AR 22.)

"The ALJ must next rate the degree of the functional limitation resulting from the claimant's medically determinable mental impairments" found in the paragraph B criteria. *Id.*; *see* 20 C.F.R. § 404.1520a(c)(3) (noting that the "four broad functional areas in which [the Commissioner] will rate the degree of [a claimant's] functional limitation" are the ability to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."). "To complete this step, the ALJ uses a five-point scale, rating the degree of limitation in the first three areas as either none, mild, moderate, marked, or extreme." *Wells*, 727 F.3d at 1068. As noted above, here, the ALJ found Plaintiff was

mildly limited in her ability to understand, remember, or apply information, and in her ability interact with others, concentrate, persist, or maintain pace. (AR 23–24.) The ALJ found no limitation in Plaintiff's ability to adapt or manage herself. (AR 23–24.) Under the regulations, this means Plaintiff's mental impairments were deemed "not severe." *Id.*; 20 C.F.R. §§ 404.1520a(d)(1).

"But '[a] conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five.' Rather, '[i]n [her] RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Suttles v. Colvin*, 543 F. App'x 824, 825 (10th Cir. 2013) (quoting *Wells*, 727 F.3d at 1068–69). Here, the ALJ recognized this much, saying,

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(AR 25.)

But in formulating Plaintiff's RFC, the ALJ declined to include any restrictions based on Plaintiff's mental limitations. (AR 26.) The ALJ explained this omission by saying,

> the claimant's nonsevere impairments, while not discussed in detail in this section, were considered in the formulation of the claimant's residual functional capacity pursuant to SSR 96-8p. The undersigned finds that the claimant's residual functional capacity is appropriate in this case, and the claimant's nonsevere impairments do not warrant additional restrictions that would further limit the claimant.

6

(AR 33.)

Plaintiff takes issue with the RFC's treatment of her mental limitations. Specifically, Plaintiff contends the ALJ erred by "failing to account for any mental limitations in the RFC and by failing to explain why such limitations were not included." (Doc. No. 13 at 6.) In other words, Plaintiff argues that after determining her mental impairments resulted in certain mild limitations, the ALJ was required, but failed, to incorporate such impairments in Plaintiff's RFC *or* explain why such impairments were not accounted for in the RFC.[7]

The Commissioner responds by arguing 1) mild limitations "do not suggest any significant reduction of an individual's capacity to perform activities in a work setting," and 2) an ALJ needs only include enough discussion to indicate non-severe impairments were "considered," when formulating an RFC and, here, the ALJ did so. (Doc. No. 15 at 9–19.)

At the outset, the Court notes the Commissioner is correct that a finding of mild mental limitations does not *require* the ALJ to include mental functioning restrictions in the RFC. *See, e.g.*, *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) ("The ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his

---

[7] Plaintiff also briefly argues the ALJ's hypothetical question to the vocational expert was "legally insufficient" because it failed to include any reference to Plaintiff's mental limitations. (Doc. No. 13 at 15–16.) But as the Commissioner notes, this argument is merely a "derivative" of Plaintiff's main argument. (Doc. No. 15.) If the ALJ erred in failing to include any mental limitation-based restrictions in the RFC, then her hypothetical question to the vocational expert was necessarily flawed. In other words, to succeed on this argument, Plaintiff must first have succeeded on her argument that the assessed RFC was flawed. *See, e.g.*, *Garcia v. Colvin*, 2016 WL 1028297, at *7 (D. Colo. Mar. 15, 2016) ("Because the court finds no error in the ALJ's RFC determination ... the court similarly finds no error in the ALJ's hypothetical question to the vocational expert."); *Suttles v. Colvin*, 543 F. Appx at 825 ("[W]e reject Mr. Suttles' objections to the ALJ's RFC determination, which in turn undercuts his objection to the ALJ's use of the [vocational expert].").

finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis."); (*see also* Doc. No. 13 (wherein Plaintiff's own brief acknowledges an ALJ is "only required to consider her mild mental limitations, and not necessarily include them in the RFC").). Thus, to the extent Plaintiff argues this matter should be remanded solely because the RFC failed to incorporate mental limitations, the Court rejects that argument.

However, Plaintiff's broader argument—that the ALJ's RFC explanation demonstrates a lack of attention to Plaintiff's mental limitations when forming the RFC—is a slightly closer call. As the Commissioner notes, there is a wide range of "conflicting decisions," in this District and Circuit regarding the level of detail an ALJ must engage in when describing the role of a claimant's non-severe mental limitations in RFC formation. (Doc. No. 15 at 9.) What is clear is that the regulations require the ALJ to *consider* non-severe impairments in formulating the RFC, but do not necessarily require the ALJ to include a detailed narrative discussion of each non-severe impairment in her RFC explanation. 20 C.F.R. § 404.1545(a)(2) ("We will *consider* all of your medically determinable impairments ... including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity." (emphasis added)); *see Mounts v. Astrue*, 479 F. App'x 860, 866 (10th Cir. 2012) (noting there is a "difference between what an ALJ must consider as opposed to what he must explain in the decision").

Here, the ALJ's RFC discussion of Plaintiff's mental limitations was not extensive. Indeed, the ALJ did not include a narrative discussion of Plaintiff's impairments or limitations in the RFC analysis. Instead, she simply summarized her review saying Plaintiff's "nonsevere impairments ... were considered in the formulation of the claimant's residual functional capacity pursuant to SSR 96-8p" and that Plaintiff's "nonsevere impairments do not warrant additional

8

restrictions that would further limit the claimant." (AR 33.) The ALJ also supplemented this statement by noting Plaintiff's mental status examination "findings of normal attention span and concentration, alertness, intact recent and remote memory, normal judgment and general knowledge, and no acute distress." (AR 28.)

Plaintiff's contention—that this discussion demonstrates a lack of consideration for her mental limitations— is a reasonable one. But the Court finds the ALJ's treatment of Plaintiff's mental limitations in formulating her RFC was sufficient.

In *Suttles v. Colvin*, the Tenth Circuit considered a similar set circumstances where, like here, the ALJ's treatment of non-severe mental impairments in his RFC formulation was brief. 543 F. App'x 824. In *Suttles*, the ALJ explicitly noted his discussion of the claimant's non-severe depression finding of mild limitations in mental functioning in step two did not replace a "distinct mental RFC assessment" at step four. *Id.* at 826. But at step four the ALJ only vaguely "discussed evidence relating to depression," and "pointedly omitted any limitation associated with that mental impairment on the RFC." *Id.* The *Suttles* court noted the ALJ had "could have been more explicit in tying" the RFC discussion of the claimant's mental limitations to the RFC itself, but ultimately upheld the ALJ's decision. *Id.*; *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("[C]ommon sense, not technical perfection, is our guide.").

The court went even further in *Bradley v. Colvin*, finding an ALJ need not explicitly reference a non-severe impairment when formulating an RFC so long as the ALJ's decision noted his "obligation at this step to consider all impairments, including impairments that are not severe," and "took into account the entire record and all symptoms in determining [the] RFC." *Bradley v. Colvin*, 643 F. App'x 674, 676 (10th Cir. 2016) (unpublished); *see* D*erryberry v.*

9

*Kijakazi*, 2023 WL 8238127, at *4 (D. Colo. Nov. 28, 2023) (noting that in *Bradly*, "the court ruled that, where an ALJ discussed a non-severe physical impairment in detail at step two and recognized the obligation to consider all impairments, including impairments that are not severe, at step four, the ALJ did not improperly rely on a step two analysis as a replacement for an RFC inquiry"). Moreover, courts in this District have determined that an "ALJ's analysis of [a claimant's] mental impairments at step two allows the court to follow the reasoning underlying the ALJ's determination of the RFC," and "an ALJ's previous discussion of an impairment is sufficient for this purpose, particularly where .... the ALJ states that he took into account the entire record and all symptoms in determining the claimant's RFC." *C.T.J.C. v. O'Malley*, 2024 WL 4333365, at *5 (D. Colo. Sept. 27, 2024) (internal citations and quotations omitted) (citing *Bradley*, 643 App'x at 676; *Keyes-Zachary v. Astrue*, 695 F.3d at 1166).

The Court is persuaded by *Bradley* and *Suttles*. Here, the ALJ conducted an in-depth review of Plaintiff's mental impairments at step two, then explicitly noted her step two review was not a replacement for an RFC analysis. (*See* AR 25); *see also Bradley*, 643 F. App'x at 676 (noting the ALJ's "in detail" discussion of the claimant's non-severe impairments at step two of his analysis supported its finding); *Suttles*, 543 F. App'x at 826 (noting with approval that "the ALJ did not make any ancillary statement ... affirmatively suggesting an improper conflation of the step-two and step-four assessments"). Then, in her RFC analysis, the ALJ expressly stated she considered the non-severe impairments in reaching her conclusion (AR 28) and added specific reference to normal mental status examinations in the record. (AR 28); *see Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (observing that it is a well-established principle that the court takes ALJs at their word when they state they reviewed all the evidence). While the

RFC discussion could have been more explicit about the non-severe mental impairments, the ALJ's analysis at step two allows the Court to follow her reasoning and to understand the basis for her conclusion that Plaintiff's mental health impairments did not justify a lower RFC. Thus, the Court finds no reversable error.

## CONCLUSION

For the foregoing reasons the court **AFFIRMS** the Commissioner's decision. Judgment shall enter accordingly.

Dated this 19th day of March, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge